SPALDING *against* BUTTS and another :

#### IN ERROR.

The adjustment and liquidation of a conservator's account, after his death, is a subject not within the jurisdiction of the county court.

The adjustment and liquidation of a conservator's account, by the county court, is not a judgment.

Therefore, where a conservator's account, after his death, on the application of his administrator, was adjusted and liquidated, by the county court, and a certain balance found due from the conservator's estate ; it was held, that the record of the county court, shewing such adjustment and liquidation, and such finding, would not support an action of debt on judgment, against such administrator, for the balance so found due.

This was an action in favour of *Mary Spalding*, brought by *Samuel L. Hough,* her conservator, against *Asa Butts* and *Amey Barstow,* joint administrators of *Samuel Barstow,* deceased.

The first count of the declaration was as follows : " That to the said *Mary Spalding,* the said administrators, in their said capacity, render the sum of 326 dollars, 54 cents, which they from her unjustly detain ; whereupon the said *Mary,* by her said conservator, declares and says, that more than twenty years since, the said *Samuel Barstow,* now deceased, was duly appointed conservator to the said *Mary,* by the county court, held at *Windham,* within and for the county of *Windham,* at their term in *August,* 1785, who, then in his life-time, accepted the trust thereof ; and thereafter, to wit, on the 1st day of *July,* 1822, the said *Samuel Barstow* died ; and at the county court, held at *Brooklyn,* within and for said county, on the third *Tuesday* of *March,* 1823, the said administrators applied, by their petition in writing, for a settlement of the account of the said *Samuel Barstow,* conservator as aforesaid ; and the said petition was granted ; and the said administrators thereupon rendered the account of said deceased to the last-mentioned court, of and concerning the person, estate and all other matters relative to the duties and trust of the said *Samuel Barstow,* as conservator as aforesaid ; and by the consideration and finding of the said last-mentioned court, the said *Mary* recovered judgment against the said administrators, in the sum of 326 dollars, 54 cents ; and by the consideration and finding, in manner aforesaid, the said administrators, as such, were in arrear to the said *Mary,* the sum of 326 dollars, 54 cents, as may more fully appear from the files and records of said court now ready to be shewn."

In the second count, the plaintiff declared, That at the coun-

*Spalding*
*v.*
*Butts.*

ty court, held at *Brooklyn,* within and for the county of *Wind-ham,* on the third *Tuesday* of *March,* 1823, the plaintiff, by the consideration, finding and judgment of the court last aforesaid, recovered against the defendants, in their said capacity, for the sum of 326 dollars, 54 cents, which was adjudged by the said court to the plaintiff, for the arrears and balance of account due the plaintiff from the estate of *Samuel Barstow,* deceased, as the said deceased was, in his life-time, and at the time of his death, conservator of the person and estate of the plaintiff, duly appointed, and had received, during the execution of his said trust, sundry large sums of money to account for, when required so to do ; as may more fully appear from a copy of said judgment rendered as aforesaid, now ready in court to be shewn.''

The defendants, after praying oyer of and setting forth the petition and the record of the county court, mentioned in the declaration, demurred. The petition stated the appointment of *Barstow* as conservator, his acceptance of the trust, and his death, in *July,* 1822 ; and prayed the court to audit and adjust his accounts. The record of the court, after counting upon the petition, was as follows :  " The parties appeared, and this court, having enquired into the facts as stated in said petition, do find them true ; and having examined, audited and adjusted the account of said *Barstow,* as conservator as aforesaid, and fully heard all parties concerned, with their evidence and counsel thereon, do find and adjudge, that there is now in arrear and due from said deceased conservator's estate, to the said *Mary Spalding,* to balance the account of said *Barstow* as conservator, the sum of 326 dollars, 54 cents.''

The superior court adjudged the plaintiff's declaration insufficient, and rendered judgment for the defendants to recover their costs. To reverse this judgment, the present writ of error was brought.

*Judson,* for the plaintiff in error, contended, 1. That the settlement of the conservator's account was a subject within the jurisdiction of the county court ; it being the duty of the conservator to render his account to that court of the management of his trust. *Stat.* 274. *tit.* 49. *s.* 1.

2. That if the conservator die, without rendering his account, this duty may be performed by his executor. The care of the person and estate of the ward, necessarily ceases, at the death of the conservator ; but the settlement of the conservator's account during the existence of the trust, is a different

thing ; and there is no reason why this may not be attended to, by his executor. In *England*, the Lord Chancellor may make an order in the lunatic's affairs, *after the death* of the lunatic. 1 *Har. Ch. Pr.* 505. 2 *Madd. Chan.* 590, 1. The grant of the custody of an idiot, will pass an interest to the executor of the grantee. *Prodgers* v. *Frazier*, 3 *Mod.* 44.

3. That the action brought, was the proper remedy. It is not necessary to call this an action of debt *on judgment*. It is an action of *debt*—for *a sum certain* ; and to this there can be no objection.

*Goddard* and *F ost*, for the defendants in error, contended, 1. That this was either an action of debt on judgment, or entirely without foundation ; there being nothing to sustain it but the judgment of the county court mentioned in the declaration.

2. That the record produced was insufficient, as a judgment, to support an action of debt ; first, because it wanted the *form* of a judgment, there being only a *finding* that a certain sum was due from the conservator's estate ; secondly, because it wanted *proper parties*, the proceeding being altogether *ex parte* ; and thirdly, because the court wanted *jurisdiction* of the subject matter, the conservator being dead, and the trust at an end. The relation between the conservator and his ward, ceases on the death of either of them ; and the county court has no longer jurisdiction of any matters resulting from that relation. *Norton* v. *Strong*, 1 *Conn. Rep.* 65.

Hosmer, Ch. J. The plaintiff has brought an action of debt on judgment. In the first count of her declaration, she avers, that " by the consideration of the said court, the said *Mary* recovered judgment against the said administrators, in the sum of 326 dollars, 54 cents, as may appear from the files and records of said court." The plaintiff, in her second count, declares, that she, " by the consideration, finding and judgment of the court last aforesaid, recovered against the defendants, in their said capacity, the sum of 326 dollars, 54 cents, which was adjudged to the plaintiff for the arrears and balance of account due the plaintiff,"&c.—" as may more fully appear from a copy of said judgment rendered." The whole structure of the declaration proves, that the gist of the plaintiff's claim, was a supposed judgment, and nothing else.

It is averred, that one *Samuel Barstow*, the defendants' intes-

*Windham,*
*July,*
*1824.*

Spalding
*v.*
Butts.

tate, was conservator to the plaintiff; and that, *after his death,* on an adjustment of his account as such, by the county court, on a petition made to them, a balance was found against him.

That the county court had no jurisdiction of the subject brought before them, was established in *Norton* v. *Strong,* 1 *Conn. Rep.* 65. The rights and duties of a conservator, and the jurisdiction of the county court in relation to the ward's estate, it was decided in that case, cease upon his death. The determination is explicit, and in point. Were it *res nova,* I should not hesitate in adopting the principle, that after the death of the ward, his estate passes into the hands of his executor or administrator, and the claim of the conservator must be exhibited, and, if denied, adjudicated upon, in the same manner, as any other debt against the deceased. The reasons of Judge *Edmond* in *Norton* v. *Strong,* to which I refer, are conclusive on this subject.

If the county court had jurisdiction, they rendered no judgment. The sentence of law pronounced, by a court, upon the matter contained in the record, is a judgment of incontrovertible verity; (3 *Bla. Comm.* 395.) and must not be confounded with the adjustment of a conservator's account, by the county court, *ex parte* and summarily, without the usual form of adjudication, and not admitting of the issuing of an execution. The statute speaks of it, as being the liquidation and adjustment of an account; and the only measure the court has authority to take, on finding a balance, is, to authorize the sale of real estate.

Other objections there are to the plaintiff's declaration; but it is unnecessary to discuss them.

PETERS and BRAINARD, Js. were of the same opinion.

BRISTOL, J. was of opinion, that the settlement of the conservator's account, was a subject, of which the county court had exclusive jurisdiction; and that on the death of the conservator, the duty of rendering the account and obtaining a settlement, devolved on his executor or administrator. This, he thought, would not interfere with the regular settlement of estates. But he concurred in the opinion of the Chief Justice, that the action brought could not be sustained.

Judgment affirmed.