*Fairfield,*
June, 1840.

Dutton
*v.*
The Connecti-
cut Bank.

---

## ISAACS *against* STEVENS and another.

13 499
73 324

Where a replication to a general plea of performance against an executor and his surety, stated, that a certain claim or demand in favour of *A*, against the estate of the deceased, for 89 dollars, was justly due from said estate to *A*, for a full and valuable consideration ; that the executor exhibited to the court of probate his administration account, and a list of all the debts due from the estate, including the debt to *A* ; that the court found such debt to be justly due to *A* ; that the personal estate of the deceased, being insufficient to pay all the debts due from the estate, a sale of real estate was ordered, which was effected accordingly, and the executor received the avails, but has never paid the debt to *A* ; on a demurrer to such replication, it was held, 1. that it was insufficient, because the nature and character of the debt sought to be recovered was not set forth ; 2. that the adjustment of the executor's account, by the court of probate, was not in the nature of a judgment, establishing the debt in question,—this court having, in the case of solvent estates, no authority to determine the rights of creditors, nor power to establish or reject their claims ; 3. that the probate record did not show an admission, by the executor, of the validity of the demand ; 4. that if otherwise, the effect of an admission by the executor, would not be to subject the estate ; 5. that the sale of real estate, predicated in part upon the debt in question, and the reception of the avails by the executor, did not strengthen *A's* claim, in this suit.

THIS was an action of debt, brought by the plaintiff, as judge of probate, for the district of *Norwalk*, on a bond given to him, by the defendants, to secure the faithful performance, by *Stevens*, of the duties of executor of the last will and testament of *Hezekiah Whitlock*, deceased.

The defendants pleaded performance generally.

The plaintiff, in his replication, stated, That *Monson Hoyt*

and *Edwin Hoyt*, surviving partners of the late firm of *Hoyts & Co.*, on the 1st day of *October*, 1836, before any time limited, by the court of probate, for the exhibition of claims against said estate had expired, exhibited for payment to said *Stevens*, a certain claim or demand in their favour against said estate ; which claim was for the sum of 89 dollars, 24 cents, and was then justly due from said estate to them, the said *Monson* and *Edwin Hoyt*, as surviving partners, for a full and valuable consideration ; that afterwards, *viz.* on the 10th of *June*, 1837, the defendant, *Stevens*, as executor, moved the court of probate, to appoint a day for the hearing, allowing and settlement of the administration account of such executor, with said estate ; that the court of probate thereupon appointed the 19th of *June*, for that purpose, and ordered public notice to all persons interested, to be given, by advertisement in a newspaper ; that this order was complied with ; that on said 19th of *June*, said *Stevens*, as executor, exhibited to said court, his administration account, and a list of all the debts due and owing from said estate, and to be paid out of the same by him ; which account was placed on the files of said court ; that among other debts therein specified, payable by said executor, out of said estate, he shewed to said court, said debt of 89 dollars, 24 cents, so due from said estate to said *Monson* and *Edwin Hoyt*, and the same was found, by said court, to be justly due to them ; and that this, with the other debts due from said estate, amounted to 3176 dollars, 25 cents ; that from such finding and judgment no person claiming to be aggrieved hath ever moved or had an appeal to the superior court ; that the personal estate of said deceased, was 400 dollars, 90 cents, leaving the sum of 2775 dollars, 35 cents, to be paid, by sale of the real estate of the deceased ; and that thereupon said executor was authorized and directed, by said court, to sell, and, in due form of law, convey, so much of the real estate of the deceased, as was sufficient to raise and pay said sum of 2775 dollars, 35 cents, and make return thereof to said court ; that afterwards, and before the 28th of *August*, 1837, the defendant, *Stevens*, in pursuance and execution of said order, did sell real estate of the deceased, appearing on the inventory of said estate, by him previously perfected and presented to said court, and by said court duly

approved and recorded, certain real estate, [particularly described,] for the sum of 2750 dollars; that on the 28th of *August,* 1837, the defendant *Stevens,* made report thereof to said court of probate, and the same was, by said court, ratified and approved ; that the court thereupon appointed freeholders to distribute the balance of said estate among the widow, devisees and heirs of the deceased, according to his last will and testament ; that the defendant *Stevens,* although said debt of 89 dollars, 24 cents, was so approved and allowed, and although he hath received as aforesaid, and now hath, the moneys so provided, and ordered, by said court, to be applied to the payment thereof, wholly regardless of his duty in that behalf, and of the conditions of said bond, hath neglected and refused to pay to said *Monson* and *Edwin Hoyt,* said sum of 89 dollars, 24 cents, or any part thereof.

To this replication, the defendants demurred.

The question arising on the record as to the sufficiency of the replication, was reserved for the advice of this court.

*Hawley,* in support of the demurrer, contended, That the replication was bad, because it did not shew the nature or character of the claim. This should be shewn, to apprize the defendant thereof, and enable him to make defence ; and also, that the court may see that the claim is a valid one. This would be so in a suit on the original cause of action; and it is equally necessary here. 1 *Chitt. Plead.* 295. 298. This must clearly be so, unless the conduct of the defendant, or the proceedings of the court, furnish of themselves a ground of action.

In the first place, the *admission* of the executor, can give no cause of action. He is a mere *trustee,* without power to admit away the rights and property of the heirs. *Peck* v. *Bottsford,* 7 *Conn. Rep.* 172. *Pease* v. *Phelps,* 10 *Conn. Rep.* 62—68. *Thompson* v. *Peter* & al. 12 *Wheat.* 565. Besides, an admission, of itself, can, in no case, furnish a ground of recovery, or cause of action ; nor can it be declared on as such. It is mere *evidence,* liable to be rebutted. And a written admission stands on the same ground. 10 *Mass. Rep.* 39. 14 *Mass. Rep.* 1. 4 *Wend.* 292.

Secondly, the *allowance* by the court of probate, furnishes no ground of recovery. The court has no power to adjudi-

cate on claims against the estate.   10 *Conn. Rep.* 170. 174. It has no such power at common law, and none by statute. The court acts merely on the *executor's account*, not on the *claims of the creditors.*   It allows or disallows *to him* only. The object is not to award debts to creditors, but to adjust the executor's account, and provide a fund for the payment of claims.   The allowance of an item in an executor's account, as a debt due to *J. S.*, surely cannot, of itself, create a debt to *J. S.*, irrespectively of any other ground of claim. The allowance is not, so far as regards the claim of the creditor, at all of the nature of a *judgment.*   If it were, it would bind *both* parties.   But it is clear, the claimant against an estate would not be at all affected, by the action of probate, in reference to his claim.   If dis-allowed entirely, it would not bar an action by him.   If allowed in part only, it would not conclude him as to the amount.

The creditor has two remedies; on the original cause of action, and on the bond.   They are concurrent remedies for the same cause of action; and the averments and proofs in the one, should be the same as in the other.   If *assumpsit* were brought on the original cause of action, could the allowance by the court of probate, be offered as conclusive evidence; or its dis-allowance be offered, by the defendant, as evidence at all?   It may so happen, that a claim is allowed, and a receipt subsequently discovered.   If the allowance is to operate as a judgment, or to have any effect on the claim, the receipt could not be used in evidence.

Further, a recovery here would be no bar to an action on the original cause of action, for the reason, that the cause of action here does not appear of record.   Besides, the court of probate possesses no power, where the estate is solvent, to order or decree the payment of debts.

*Bissell*, contra, contended, 1. That the replication was not objectionable in point of *form.*   It is not material whether the precise character of the claim is set out, or not.   The character of the claim is not in issue, or to be put in issue.   It has been found, by a court of competent jurisdiction; and its validity is admitted upon the record.

2. That it is not objectionable in point of *substance.*   First, it is the duty of the administrator to pay the debts; and when

their validity is not disputed, or is found, by a competent tri- bunal, the non-payment is a breach of the bond. *Warren* v. *Powers,* 5 *Conn. Rep.* 373.

Secondly, when the personal property of the deceased person is insufficient, the statute (*sec.* 25.) authorizes the court of probate to find what debts are due, and their amount. By the provisions of the statute, the claims are presented within a time limited, to the administrator. He may contest them at law, if he elects to do so. If not, he must present them, with the evidence of their validity, before the court of probate, for investigation. The court of probate passes judicially upon every claim, and their finding is a judgment. *Edmond* v. *Canfield* & al. 8 *Conn. Rep.* 87. In ordinary cases, the theory regarding the administrator's account is, that he has paid the debts out of the personal estate, and goes to the court of probate for confirmation of his acts. But where there is a deficiency of assets, and it is necessary to have the land sold, he goes to the court, to have the amount and validity of the debts found, the necessary judgment rendered, and the necessary order of sale, based thereon, given.

Thirdly, it is hence apparent, that this judgment must be *conclusive* upon the administrator. It is of his own procuring, in the discharge of duty, a neglect of which would render him liable on his bond. *Warren* v. *Powers,* 5 *Conn. Rep.* 383. per *Hosmer,* Ch. J. The neglect of an administrator to procure the necessary orders of probate, is a breach of trust. He is a party, therefore, to the judgment. And is it not as much a breach of trust to refuse to pay, as to neglect to procure the necessary order to pay?

This judgment is also the basis, on which the rights of heirs and devisees are to be divested, and their land sold. The order must follow the judgment, and the sale the order; or the sale is void. Are not the heirs and devisees bound or estopped? And can the administrator go into court, as a party, and obtain a judgment, which shall take away the rights of others, and estop them, without being estopped himself?

Fourthly, the legislature has thrown around the proceedings all the guards necessary to protect the rights of those interested. The claims are to be presented to the administrator, and are reported by him to the court, at his discretion.

*Fairfield,*
*June, 1840.*
———————
Isaacs
*v.*
Stevens.

Notice is given to all parties, in interest, to appear; and to all is given a right of appeal. The creditor is not bound to appear, because the statute has provided, that he shall have special notice of a dis-allowance, and a certain time for suit. He is at liberty, in the absence of such notice, to presume the allowance of his claim. But he *may* appear; and if his claim is dis-allowed, he may sue at law, or appeal. If he appeals, and the judgment of the court of probate should be affirmed, by the superior court, he would be bound thereby. Is not this an attempt, on the part of the administrator, to impeach, collaterally, a judgment of the court of probate? *Goodrich* v. *Thompson,* 4 *Day* 215.

CHURCH, J. This action is prosecuted by the judge of probate for the district of *Norwalk,* upon an administration bond, against *James Stevens* and his surety, as executor upon the estate of *Hezekiah Whitlock,* deceased, to recover the sum of eighty-nine dollars and twenty-four cents, for the benefit of *Monson* and *Edwin Hoyt,* creditors of said estate.

The estate of *Whitlock* has not been represented insolvent, but has been treated, by the administrator, as a solvent estate; and there is no claim that any other action at common law has ever been instituted, for the recovery of this debt; or that it has been ever otherwise ascertained and liquidated, than as set forth in the plaintiff's replication.

The first exception taken to the replication under the demurrer, is, that the nature and character of the debt sought to be recovered, and alleged to be due to *Monson* and *Edwin Hoyt,* is not set forth. We do not see how the replication can be delivered from this infirmity. Nothing more is alleged in regard to this debt, than its amount. If it is conceded, that a creditor of a solvent estate, by an action on the probate bond, in the name of the judge of probate, can recover his demand against the estate; and this, too, before its existence has been judicially determined, by a court of common law; and if, in this action, an administrator is, in the first instance, called upon to defend against such a demand, it would seem to be no more than a principle of common justice, that he be reasonably apprized, by the pleadings, of the nature of the claim made upon him. Without this, he can never know how to defend; nor would a judgment for

the plaintiff, be one of such certainty as that it could be successfully pleaded in bar of another action, brought by the same creditor, in his own name, to recover the same debt. We think there should be the same certainty of averment in the replication, in regard to the real debt sought to be recovered, as would have been necessary in the declaration, if the creditor was prosecuting his action, in his own name, for the recovery of the debt.

This opinion proceeds upon the assumption that the record and proceedings of the court of probate, set forth in the replication, are not in the nature of a judgment establishing a debt due from the estate of *Whitlock* to *Monson* and *Edwin Hoyt.*  If an estate be insolvent, the report of commissioners, when approved, for many purposes, is equivalent to a conclusive judgment.  No other tribunal than the board of commissioners, in such cases, can adjudicate upon the claims of creditors; and all proceedings for the recovery of demands upon insolvent estates, except before commissioners, are prohibited or suspended.  The course of action, where an estate is solvent, is essentially different.  The judge of probate, in such case, has no authority to determine the rights of creditors, and can neither establish nor reject their claims.  These must be prosecuted before, and proved and established by, the courts of common law or equity jurisdiction; and actions may be instituted and prosecuted for their recovery against executors, &c., as well as if the debtors were alive.  The creditor of a solvent estate, never prosecutes his claim before a court of probate.  He exhibits or gives notice of his demand to the executor, &c.; and if it is not paid, he sues and recovers before the courts of law or equity, regardless of what the judge of probate may think of his claim; and cannot be affected, by any proceedings between such judge and the executor, &c., regarding it, to which he is no party. In the present case, there has been no action of the court of probate upon the claim in question: there has only been an adjustment of the administrator's account, in which this demand appears as recognized by the administrator.  If this alone be regarded as a judgment establishing the debt, then if the administration account had been adjusted, by the court of probate, excluding this demand, we suppose *Monson* and *Edwin Hoyt* must have been concluded thereby—a result to

*Fairfield,*
June, 1840.

Isaacs
*v.*
Stevens.

which they probably would not have submitted.    *Gilb. Ev.* 31.    1 *Stark. Ev.* 185.    *Spalding* v. *Butts,* 5 *Conn. Rep.* 427.    *Smith* v. *Brush,* 10 *Conn. Rep.* 170.

Some reliance seemed, in the argument, to be placed upon this probate record, as furnishing evidence of an admission of the validity of this demand, by the executor, as conclusive against the estate.    We do not so consider it.    It is very sure that an executor, as well as any other trustee, may subject himself personally, by his admissions ; or may thus furnish evidence of his own acts ; but that he cannot subject the estate to the payment of a debt, by his admission of its existence, is well settled.    *Peck* v. *Botsford,* 7 *Conn. Rep.* 173.    *Pease* v. *Phelps,* 10 *Conn. Rep.* 62.    *Thompson* v. *Peter,* 12 *Wheat.* 565.    We doubt whether this record furnishes any other evidence against the executor, than that such a claim was duly presented to him against the estate which he represented.    He might well have supposed, at that time, that the demand was just ; and was justified in making provision for its payment, by including it in his administration account.    Subsequent investigations might have satisfied him, that nothing was due : if so, he had right, and it was his duty, to resist payment, unembarrassed by his prior acts.

The plaintiff adverted to the fact, that in this case, an order to sell real estate had been made, by the court of probate, predicated, in part, upon the debt in question ; and claimed, that unless a recovery can be had against the administrator, he will, as a consequence, be permitted to retain, of the avails of the land sold, a sum equal to this debt.    This consequence does not follow.    The executor may, at any time, be required to account for the avails of the land sold under the order, and to pay over any surplus remaining in his hands, after paying the debts really due, together with the allowed charges of settlement.

The superior court is advised, that the replication is insufficient ; and that judgment upon the demurrer be rendered for the defendant.

In this opinion the other Judges concurred, except SHERMAN, J who gave no opinion, having been of counsel in the cause

Judgment for defendant.